UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES RICHARD LUECK, | ) | 1:07-CV-00499 AWI JMD HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| B. CURRY, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner James Richard Lueck ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Fresno County Superior Court. (Pet. at 2; Answer at 1.) Petitioner was charged with maintaining a place for selling or using a controlled substance, two counts of possession of methamphetamine for sale, and two counts of possession of marijuana for sale (Cal. Health & Safety Code §§ 11366, 11378, and 11359). (Answer at 1). Petitioner was also charged with being released on bail when he committed three of the counts and possessing a firearm in another (Cal. Penal Code §§ 12022.1 and 12022(c)). (Id.) Petitioner eventually pled no contest to the charges. (Pet. at 2). Petitioner was sentenced to a term of four years and four months.

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District. (Id. at 3). Petitioner's counsel at appeal filed a brief asking the court to independently review the

record for error, pursuant to People v. Wende, 25 Cal.3d 436 (1979). On March 21, 2006, the state appellate court affirmed Petitioner's conviction finding that their independent review of the record raised no reasonably legal or factual issues. (Lod. Doc. 1).

Petitioner brought a petition for habeas relief before the Fresno County Superior Court on October 16, 2006, claiming ineffective assistance of trial counsel and warrantless search as the sole grounds for relief. (Lod. Doc. 3). The Superior Court denied the petition in a reasoned opinion issued on October 19, 2006. (Lod. Doc. 4).

Petitioner then raised the same grounds for relief previously raised in the Superior Court in a petition for writ of habeas corpus with the California Court of Appeal, filed on November 1, 2006. (Lod. Doc. 5). The appellate court summarily denied the petition on November 9, 2006. (Lod. Doc. 6).

On November 17, 2006, Petitioner sought habeas relief before the California Supreme Court, alleging the same grounds for relief stated in the petitions submitted to the California Court of Appeal and the Fresno County Superior Court. (Lod. Doc. 7). The California Supreme Court summarily denied this petition on December 20, 2006.

Petitioner subsequently filed the instant federal petition for writ of habeas corpus on March 30, 2007. (Pet. at 1). Petitioner claims as his sole grounds for relief that his appellate counsel provided ineffective assistance. (Id. at 7).

On August 24, 2007, Respondent filed an answer to the petition.

**FACTUAL BACKGROUND**[1]

> According to preliminary hearing testimony, Fresno Police Officer Art Rodriguez and three fellow officers went to visit [Petitioner] regarding reports of narcotics transactions taking place at his home. [Petitioner] reluctantly agreed to let the officers in his residence, telling Officer Rodriguez that if he found anything "it was probably left behind" on a police raid three weeks earlier.
> Officer Rodriguez found a plastic baggy containing two pink rocks which he recognized as methamphetamine on top of a dresser in [Petitioner]'s living room. The officer also found a large zip-lock baggy containing a green leafy substance

---

[1] These facts are derived from the unpublished opinion issued by the California Court of Appeal on March 21, 2006. (Lod. Doc. 1). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a determination of fact by the state court is presumed to be correct unless Petitioner rebuts that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004). Petitioner does not challenge the state court's findings of fact with respect to the underlying events.

condensed into a brick, which he believed was marijuana. Officer Rodriguez arrested [Petitioner], who waived his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436. [Petitioner] told the officer he was selling narcotics to pay his overdue bills. The officer found $531 in [Petitioner]'s pocket, which [Petitioner] admitted he obtained from the sale of narcotics.

(Lod. Doc. 1)

## DISCUSSION

**I.    Jurisdiction and Venue**

A person in custody pursuant to the judgment of a state court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Furthermore, this action is in the proper venue as Petitioner's conviction arose from a judgment of the Fresno County Superior Court, which is in this judicial district. *See* 28 U.S.C. § 2241(d); *also* 28 U.S.C. § 84(b). Accordingly, the Court has jurisdiction and venue over this action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. Lindh v. Murphy, 521 U.S. 320, 326-327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment)). The instant petition was filed on August 10, 2005 and is consequently governed by the provisions of the AEDPA, which became effective April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003).

**II.   AEDPA Standard of Review**

This Court may entertain a petition for a writ of habeas corpus by "a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Since Petitioner filed his petition after the effective date of AEDPA, his petition for habeas corpus "may be granted only if he demonstrates that the state court decision denying relief was

1  "contrary to, or involved an unreasonable application of, clearly established Federal law, as
2  determined by the Supreme Court of the United States.'" <u>Irons v. Carey</u>, 505 F.3d 846, 850 (9th Cir.
3  2007) (quoting 28 U.S.C. § 2254(d)(1)); *see* <u>Lockyer</u>, 538 U.S. at 70-71.

4       As a threshold matter, this Court must "first decide what constitutes 'clearly established
5  Federal law, as determined by the Supreme Court of the United States.'" <u>Lockyer</u>, 538 U.S. at 71
6  (quoting 28 U.S.C. § 2254(d)(1)).  In ascertaining what is "clearly established Federal law," this
7  Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of
8  the time of the relevant state-court decision." <u>Id</u>. (quoting <u>Williams</u>, 592 U.S. at 412). "In other
9  words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or
10 principles set forth by the Supreme Court at the time the state court renders its decision." <u>Id</u>.

11      Finally, this Court must consider whether the state court's decision was "contrary to, or
12 involved an unreasonable application of, clearly established Federal law." <u>Lockyer</u>, 538 U.S. at 72,
13 (quoting 28 U.S.C. § 2254(d)(1)).  "Under the 'contrary to' clause, a federal habeas court may grant
14 the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a
15 question of law or if the state court decides a case differently than [the] Court has on a set of
16 materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413; *see also* <u>Lockyer</u>, 538 U.S. at 72.
17 "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court
18 identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies
19 that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413.  "[A] federal court may
20 not issue the writ simply because the court concludes in its independent judgment that the relevant
21 state court decision applied clearly established federal law erroneously or incorrectly. Rather, that
22 application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable
23 application" inquiry should ask whether the state court's application of clearly established federal law
24 was "objectively unreasonable." <u>Id</u>. at 409.

25      Petitioner bears the burden of establishing that the state court's decision is contrary to or
26 involved an unreasonable application of United States Supreme Court precedent. <u>Baylor v. Estelle</u>,
27 94 F.3d 1321, 1325 (9th Cir.1996). Although only Supreme Court law is binding on the states, Ninth
28 Circuit precedent remains relevant persuasive authority in determining whether a state court decision

1  is objectively unreasonable.  *See* Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003); Duhaime v.
2  Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

3        AEDPA requires that we give considerable deference to state court decisions. The state
4  court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's
5  interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*,
6  537 U.S. 859, 123 S.Ct. 231 (2002), *rehearing denied*, 537 U.S. 1149, 123 S.Ct. 955 (2003).

7  **III.**    **Review of Petitioner's Claim**

8        As the sole ground for relief put forth in this petition, Petitioner contends that his right to
9  counsel, under the Sixth Amendment, was violated by the ineffective assistance provided to him by
10 his appellate counsel.  Specifically, Petitioner claims that counsel was ineffective for failing to raise
11 the issue of the trial court's error in allowing evidence obtained in an unconstitutional search and
12 seizure in his appellate brief.  Petitioner's appellate counsel filed a Wende brief requesting the court
13 conduct an independent review of the record rather than allege any specific errors.  Respondent
14 contends that Petitioner has failed to exhaust his state remedies as this ineffective assistance of
15 counsel claim was not brought before the state's highest court and additionally that Petitioner fails to
16 raise a colorable claim.

17     **A.**    **Exhaustion of State Remedies**

18       The governing statute for state prisoners seeking federal habeas relief requires that the
19 petitioner comply with the exhaustion rule state therein–specifically that a habeas petition "shall not
20 be granted unless it appears that–(A) the applicant has exhausted the remedies available in the courts
21 of the State; or (B)(I) there is an absence of corrective process; or (ii) circumstances exist that render
22 such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  The
23 exhaustion requirement mandates that petitioners fairly present the federal claims raised in their
24 federal habeas petitioner before the state courts, including a state supreme court with powers of
25 discretionary review,  in order to afford the state courts the "opportunity to pass upon and correct
26 alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971); *see*
27 Duncan v. Henry, 513 U.S. 364, 365-66 (1995); *see also* Baldwin v. Reese, 541 U.S. 27, 29 (2004).
28 " 'Fair presentation requires that a state's highest court has a 'fair opportunity to consider...and to

correct [the] asserted constitutional defect." Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008)(quoting Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004)(quoting Picard, 404 U.S. at 276)). Furthermore, "[t]o 'fairly present' [a] federal claim to the state courts, [a petitioner must] alert the state courts to the fact that he [is] asserting a claim under the United States Constitution. [Citation] The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Hivala v. Wood, 195 F.3d 1098, 1106 (th Cir. 1999)(citing Duncan, 513 U.S. at 365-366 in holding that failure to cite to constitutional provisions in state court).

A claim that is not the "substantial equivalent" of the claim presented in the state courts does not satisfy the fair presentment requirement. Picard, 404 U.S. at 278 (holding that exhaustion requirement not met where petitioner's state claim included operative facts but lacked the legal theory presented in federal habeas claim); Lopez v. Schiro, 491 F.3d 1029, 1040 (9th Cir. 2007). A claim fails to be substantially equivalent where the claim is conceptually distinct from the claims raised before the state courts despite raising the same federal constitutional provisions. Gray v. Netherland, 518 U.S. 152, 164-165 (1996).

An applicant seeking habeas relief is required to plead their claims with considerable specificity before the state courts in order to satisfy the exhaustion requirements. Rose v. Palmateer, 395 F.3d 1108, 1111 (9th Cir. 2005); Peterson v. Lampert, 319 F.3 1153, 1157-1159 (9th Cir. 2003); Shumway v. Payne, 223 f.3d 982, 998 (9th Cir. 2000)(holding that a claim is not fairly presented unless the petitioner specifically indicated that those claims were based on federal law); *see also* Kelly v. Small, 315 F.3d 1063, 1068 n. 2 (9th Cir. 2003)(holding that "it was incumbent upon Petitioner to set forth the alleged failure to file a motion to recuse as an independent constitutional claim in order to give the California Supreme Court a 'full and fair opportunity' to act upon it, rather than hope that the court would infer this Sixth Amendment claim from the related failure to object"). The Supreme Court has found that a petitioner's failure to explicitly cite to a federal constitutional provision in relation to the specific claim, while citing to such provisions in another claim, does not satisfy the requirement of fair presentment. Baldwin, 541 U.S. at 29-31 (holding that petitioner failed to exhaust state remedies when he alleged a Sixth Amendment violation for his claim that trial counsel had provided ineffective assistance but failed to cite to constitutional authority when

alleging, in a separate claim, that his appellate counsel had provided ineffective assistance).

The petitions for writ of habeas corpus filed by Petitioner before the Fresno County Superior Court, the California Court of Appeal, and the California Supreme Court are identical. (Lod. Docs. 3, 5, and 7). In all three petitions, Petitioner raised a warrantless search and ineffective assistance of counsel claim. However, Petitioner's ineffective assistance of counsel claim before the state courts alleged only that Petitioner's trial counsel had provided ineffective representation.

In full, Petitioner's ineffective assistance of counsel claim, as presented to the state courts, states:

> Ground 2...: I was denied due process clause of law because I had ineffective assistance of counsel
> Supporting facts: I was denied due process because my public defender withdrew a Pitchess motion that was filed by my previous attorney and she refused to refile it. She also refused to file three other motions that I asked her repeatedly to file. 1) a motion to make them produce the confidential informant on the search warrant of 11/20/2003. She told me they did not have to produce the confidential informant. 2) A motion to make them return the money they took that I won at a casino and have proof of. I needed the money so I could hire an attorney. 3) a motion to have a shotgun charge dismissed. It was not loaded and hidden in a spare room of my home. She refused to file any of these motions. She also told me after 14 months out on bail that I could not win and I would be better off fighting my case on appeal than in a jury trial. So I took the deal. Then on appeal my attorney told me that my case had no merit because I took a deal. I believe my public defender tricked me into taking a deal to avoid a jury trial.
> Supporting cases, rules, or other authority: Strickland v. Washington...

(Lod. Doc. 7, Pet. to Cal. Supreme Court, 5).

Petitioner's current claim, that appellate counsel was ineffective, is not the substantial equivalent of the claim Petitioner raised in the state courts, namely that trial counsel was ineffective. While the two claims both raise the same federal constitutional provision, this instant claim is conceptually distinct from the claim Petitioner previously raised before the state courts. For one, the claim raises a different set of operative facts. Thus, Petitioner did not raise the issue of his appellate counsel's performance as a grounds for relief in his habeas petition before the state courts. Rather, the supporting facts as stated by Petitioner reveals that his ineffective assistance of counsel claim centered wholly upon his trial counsel's performance.

The only mention of appellate counsel's failure to raise the issue came in response to the inquiry on the form questioning why this claim was not made on appeal. There Petitioner stated that,

"[m]y attorney failed to raise issue on brief. The issue should have been raised to the extent it has merit." (Id. at 6). This brief mention was unsupported by citation to any federal constitutional law nor was the mention accompanied by any supporting factual allegations. The Supreme Court in Baldwin held that the petitioner failed to exhaust state remedies where he asserted that trial counsels' ineffective assistance violated federal law but failed to allege that appellate' counsels' ineffective assistance violated federal law. Baldwin, 541 U.S. at 30. As such, even if the undersigned were to interpret these two sentences as alerting the state courts that there existed an additional grounds for relief in Petitioner's state habeas petition, Petitioner has failed to fairly present this particular claim by not invoking federal constitutional law with respect this claim. Petitioner in those two sentences provides no citation to any case nor alleges any constitutional violation would have alerted the state courts to the federal nature of this particular claim. See id. at 33. Furthermore, the two sentences lacked a factual description supporting his claim of ineffective assistance of appellate counsel. Id. (citing Gray, 518 U.S. at 163).

In sum, a fair reading of Petitioner's post-conviction petition for habeas relief before the state courts is that Petitioner deliberately chose not to raise his ineffective assistance of appellate counsel claim before the state courts. Petitioner has therefore not properly exhaust his claim that appellate counsel provided him ineffective assistance by failing to fairly presenting the claim to the appropriate state courts. See Baldwin, 541 U.S. at 29 (stating that, before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies by presenting his claim "in each appropriate state court"); see also Casey v. Moore, 386 F.3d 896, 918 (9th Cir. 2004); Smith v. Baldwin, 510 F.3d 1127, 1138 (9th Cir. 2007).

**B.     Failure to Raise A Colorable Claim**[2]

Respondent correctly notes that an unexhausted claim may be decided on the merits if the

---

[2] As it unclear to the undersigned that the California Supreme Court would consider Petitioner's case as procedurally barred for substantial delay, the undersigned does not address whether Petitioner's claim may be dismissed in this court for procedural default. See Sandgathe v. Maass, 314 F.3d 371, 375 (9th Cir. 2002)(holding that claim is procedurally defaulted if it is clear that the state court would hold the claim procedurally barred). Furthermore, neither party raised the issue of procedural default in the briefs submitted to this court and the court declines to *sua sponte* raise the affirmative defense. See Trest v. Cain, 522 U.S. 87, 89 (1997)(stating that federal court is not required to consider the defense *sua sponte*); see *also* Vang v. Nevada, 329 F.3d 1069 (9th Cir. 2003)(holding it was error for district court to raise the issue *sua sponte*).

1  claim is not colorable. "An application for a writ of habeas corpus may be denied on the merits,
2  notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the
3  State." 28 U.S.C. § 2254(b)(2). The Ninth Circuit has interpreted section 2254(b)(2) to allow a
4  federal court to deny an unexhausted petition on the merits "only when it is perfectly clear that the
5  applicant does not raise even a colorable federal claim." Cassett v. Stewart, 406 F.3d 614, 623-24
6  (9th Cir. 2005), *cert. denied*, 546 U.S. 1172 (2006). Here, Petitioner claims that his appellate
7  counsel provided ineffective assistance of counsel as counsel failed to raise, on appeal, the trial
8  court's error in denying Petitioner's motion to suppress evidence obtained pursuant to a warrantless
9  search and seizure. (Pet. at 7).

10  Generally, ineffective assistance of counsel claims are analyzed under the "unreasonable
11  application" prong of 28 U.S.C. § 2254(d) recognized in Williams v. Taylor 529 U.S. 362 (2000).
12  Weighall v. Middle, 215 F.3d 1058, 1061-1062 (9th Cir. 2000). For the purposes of habeas cases
13  governed by 28 U.S.C. § 2254 (d), the law governing ineffective assistance of counsel claims is
14  clearly established. Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998). A petition for writ of
15  habeas corpus, resting upon an allegation of ineffective assistance of counsel, requires that the
16  Petitioner establish two elements–(1) counsel's performance was deficient and (2) Petitioner was
17  prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064
18  (1984); United States v. Olson, 925 F.2d 1170, 1173 (9th Cir. 1991); Lowry v. Lewis, 21 F.3d 344,
19  346 (9th Cir. 1994). Similar to a claim that trial counsel erred, ineffective assistance of appellate
20  counsel claims require a showing of deficient performance and prejudice. *See* Smith v. Robbins, 528
21  U.S. 259, 285 (2000)(citing Smith v. Murray, 477 U.S. 527, 535-536 (1986)).

22  Under the first element, Petitioner must show that counsel's errors were so serious that he or
23  she effectively failed to function as the "counsel" guaranteed under the Sixth Amendment.
24  Strickland, 466 U.S. at 687. Petitioner must establish that counsel's representation fell below an
25  objective standard of reasonableness, specifically identifying alleged acts or omissions which did not
26  fall within reasonable professional judgment considering the circumstances. Id. at 688; United States
27  v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance
28  is highly deferential. There exists a strong presumption that counsel's conduct fell within the wide

1  range of reasonable professional assistance. Strickland, 466 U.S. at 687; Sanders v. Ratelle, 21 F.3d
2  1446, 1456 (9th Cir. 1994). Consequently, to prevail on the first prong, Petitioner must prove that
3  counsel's performance was unreasonable under prevailing professional norms.

4     Secondly, Petitioner must show that counsel's errors were so egregious that Petitioner was
5  deprived of the right to a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687. The
6  court must evaluate whether the entire trial was fundamentally unfair or unreliable as a result of
7  counsel's deficient performance. Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838 (1993);
8  Quintero-Barraza, 78 F.3 at 1345; United States v. Palomba, 31 F.3d 1456, 1461 (9th Cir. 1994).
9  More specifically, to prevail on the second element, Petitioner bears the burden of establishing that
10 there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the
11 proceeding would have been different. A reasonable probability is a probability sufficient to
12 undermine confidence in the outcome." Quintero-Barraza, 78 F.3d at 1348 (quoting Strickland, 466
13 U.S. at 694).

14     A court need not determine whether counsel's performance was deficient before examining
15 the prejudice suffered by the Petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. at
16 697. Since prejudice is a prerequisite to a successful claim of ineffective assistance of counsel, any
17 deficiency that was not sufficiently prejudicial to Petitioner's case is fatal to an ineffective assistance
18 of counsel claim. Here, Petitioner alleges that his appellate counsel's performance was ineffective in
19 failing to raise the claim that his constitutional rights were violated by the trial court's error in
20 denying the suppression motion. In order to show that counsel's alleged deficient performance was
21 prejudicial, Petitioner must establish that there exists a reasonable probability that the California
22 Court of Appeal would have reversed the trial court's denial of his suppression motion but for his
23 counsel's filing of a Wende brief. See Smith v. Robbins, 528 U.S. at 285. After reviewing the trial
24 record, it is perfectly clear that the state appellate court would not have reversed the trial court's
25 ruling on Petitioner's suppression motion.

26     The trial record reveals that Petitioner's counsel filed a motion to suppress the evidence
27 pursuant to California Penal Code section 1538.5. At the preliminary hearing concerning that
28 motion, the trial court heard testimony from three witnesses–Petitioner, Jody Webb, and Officer

Rodriguez. Officer Rodriguez testified that when officers told Petitioner that they wanted to conduct a search of his home, Petitioner voluntarily consented to the search by stating "come on in" after initially hesitating. (CT, Vol. 1 at 67). Jody Webb and Petitioner testified that the officers barged into the house when Ms. Webb opened the door. (Id. at 81 and 86-87). Thus, the issue of whether consent existed was one of credibility as noted by the trial court in its ruling to deny the motion to suppress, stating that:

> Well, there's certainly divergence of the testimony. Officer Rodriguez stated that the [Petitioner] said they could come in whereas Jody Webb and the [Petitioner] made comments to the contrary. So it's really one of credibility whereas [Petitioner] is a defendant in a criminal proceedings and certainly has his reasons to state facts in his favor, Ms. Webb who admitted she wad a friend and ex-girlfriend was on misdemeanor probation would have a bias. Arguably Officer Rodriguez has a bias in the sense that–trying to keep his case going. *However on balance, the court finds that Officer Rodriguez to be more credible with respect to the issue of consent. Consequently the court finds by preponderance of the evidence that the [Petitioner] did give consent for the search. Because of that, the motion to suppress is denied.*"

(Id. at 90)(emphasis added)

An appellate court, reviewing a claim on appeal that evidence was obtained in violation of the Fourth Amendment and that the trial court's denial of a motion to suppress under California Penal Code section 1538.5 was in error, applies the deferential substantial evidence standard to the trial court's findings of fact and independently reviews questions of law. People v. Holloway, 33 Cal.4th 96, 120 (Cal. 2004); People v. Glaser, 11 Cal.4th 354, 362 (Cal. 1995); People v. Williams, 45 Cal.3d 1268, 1301 (Cal. 1988). Where there exists conflicting testimony, the appellate court "must accept the trial court's resolution of dispute facts and inferences, its evaluation of credibility, and the version of events most favorable to the People, to the extent the record supports them." People v. Zamudio, 43 Cal.4th 327, 342 (Cal. 2008)(citing to People v. Boyer, 48 Cal.3d 247, 263 (Cal. 1989)). Consequently, the appellate court in Petitioner's case would have applied the substantial evidence standard to trial court's factual finding that consent was given.[3]

---

[3] The petition before this court raises two additional grounds, lack of probable cause to enter the bedroom and inapplicability of the plain view doctrine to items obtained in the bedroom, that were not raised in Petitioner's motion to suppress at the trial court level. (*See* CT at 14-20). The California Supreme Court has consistently held that constitutional objections must be interposed at trial in order to preserve such contentions on appeal. In re Josue S., 72 Cal.App.4th 168, 170 (Cal. Ct. App. 1999)(citing People v. Williams, 16 Cal.4th 153, 250 (Cal. 1997)(objections to admission of evidence in violation of First and Fourteenth Amendments waived where the objections were not presented to the trial court)); People v. Sanders, 51 Cal.3d 471, 508 (Cal. 1990)(holding that defendant did not preserve challenge to validity of the pretrial identification for appeal where he objected on other grounds in his motion to suppress). Consequently, the appellate court

  Our review of the state's appellate decisions reveals that the testimony of an officer, as present in this case, is sufficient to constitute substantial evidence supporting the court's findings that consent was given.  See People v. Williams, 114 Cal.App.3d 67, (Cal. Ct. App. 1980)(holding that officer's testimony that defendant said "Yes, go ahead" when the officer requested permission to search the vehicle  constituted substantial evidence supporting the trial court's conclusion that defendant voluntarily consent to the search); People v. Wilkins, 14 Cal.App.4th 761, 772-773 (Cal. Ct. App. 1993)(stating that the question of whether consent was given is one of fact and that the testimony an officer was substantial evidence to support the trial court's finding of consent); In re Arturo D., 27 Cal.4th 60, 77 (Cal. 2002).  Furthermore, credibility of the three witnesses was the determinative factor in the trial court's denial of the suppression motion and the appellate court would have been required to accept the trial court's evaluation of credibility.  See People v. Weaver, 26 Cal.4th 876, 923-924 (Cal. 2001)(deferring to the trial court's determination of witnesses' credibility in finding that such a determination is a task unique to the trial court).  Thus, it is perfectly clear that the state appellate court would have found that there existed substantial evidence to support the trial court's finding that consent for the search was given.  As such, a reasonable probability that the appellate court would have reversed the trial court's denial of Petitioner's motion to suppress is not present in this case.

  Furthermore, the conclusion that the state appellate court would have rejected Petitioner's claim is also supported by the findings issued by that very court.  The California appellate court found that there existed "no reasonably arguable legal or factual issues" after it conduct an independent review of the record pursuant to the Wende brief.  (Lod. Doc. 1 at 3).  Additionally, the Superior Court, in response to a habeas petition claiming that the search and seizure resulted in violations of Petitioner's rights under the federal and state constitution, found that Petitioner's guilty plea waived this affirmative defense and that the "existing evidence does not justify the requested relief." (Lod. Doc. 4 at 3).  The state appellate and the state supreme court denied Petitioner's application for habeas relief  without comment.  By their "silent order" denying the petition, those

---

would not have considered these additional argument that Petitioner raised for the first time on appeal.

1  courts are presumed to have denied the claims presented for the same reasons stated in the opinion of
2  the lower court.  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).

3    Consequently, it is perfectly clear that Petitioner's claim does not raise even a colorable
4  federal claim.  As stated above, Petitioner must show deficient performance by counsel and
5  prejudice.  <u>Strickland</u>, 466 U.S. at 687, 691-92.  For the reasons stated above, Petitioner has failed to
6  establish that prejudice resulted from appellate counsel's allegedly deficient performance and
7  therefore Petitioner has failed to raise a colorable claim of ineffective assistance of appellate counsel.

## **RECOMMENDATION**

9    Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
10 DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for
11 Respondent.

12   This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
13 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304
14 of the Local Rules of Practice for the United States District Court, Eastern District of California.
15 Within thirty (30) days after being served with a copy, any party may file written objections with the
16 court and serve a copy on all parties.  Such a document should be captioned "Objections to
17 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
18 filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.
19 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c).  The
20 parties are advised that failure to file objections within the specified time may waive the right to
21 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

23 IT IS SO ORDERED.

24 **Dated:   October 20, 2008**         /s/ John M. Dixon
                                    UNITED STATES MAGISTRATE JUDGE